### The UNCLE GEORGE ORPHANS HOME, INC., Appellant,

v.

### Donald LANDRUM, Appellee.

Court of Appeals of Kentucky.

May 20, 1977.

---

Edwin J. Lowry, Louisville, for appellant.

Marvin M. Sotsky, Louisville, for appellee.

Before HOWARD, LESTER, and WILHOIT, JJ.

HOWARD, Judge.

This is an action commenced by plaintiff-appellant, hereinafter called "Uncle George", against the defendant-appellee, hereinafter called "Landrum", for breach of contract.

The contract involved a sale of land owned by Uncle George in Jefferson County to Landrum. On February 25, 1974 Landrum received an option from Uncle George for a period of ninety (90) days for a sale price of nineteen hundred ($1900.00) dollars per acre. Since court approval of the sale was required because of restrictions against a sale contained in the deed to Uncle George, Uncle George requested Landrum to exercise the option only eight (8) days after it was executed so that the court would approve the sale.

Landrum, a real estate agent in Jefferson County, had paid to Uncle George one thousand ($1,000) dollars for the option as a deposit. When the option was exercised Landrum insisted, so he claimed, that his liability in case the deal failed to materialize would be the one thousand ($1,000) dollars. Paragraph 11(a) of the option-contract reads as follows: "If closing does not take place, then buyer's deposit is forfeited". No additional consideration was paid for the contract which was basically the option agreement with some additions made indicating that same was accepted.

Landrum failed to close within the ninety (90) days because he could not manage the financing in the depressed real estate market of 1974. Uncle George sued for specific performance and damages. The latter claim was by way of an amendment to the complaint after Uncle George had sold the property to a third party for thirteen hundred ($1300.00) dollars per acre.

The case was referred to a Special Commissioner who heard all the evidence and made Findings of Fact and Conclusions of Law, which were confirmed by the Circuit Judge.

The trial court held that Landrum had breached the contract but limited the recov-

**584**

ery to the one thousand ($1,000.00) dollar deposit. Hence this appeal by Uncle George.

Uncle George contends on this appeal that the evidence in regard to the option-contract proves that the one thousand ($1,000) dollar deposit was for the option only. However, there was substantial evidence of probative value in the record to support Landrum's defense. It is clear that Landrum had not even examined the property on March 8, 1974 and that he exercised his option eighty-two (82) days before same would have expired. The evidence supports Landrum's position that he exercised the option before he was ready and at the instance of Uncle George so that court approval could be obtained. Landrum's testimony that he insisted that his liability be limited to the one thousand ($1,000) dollar deposit is believable under the circumstances surrounding the execution of the option and the contract. The findings of the trial court are not clearly erroneous and therefore we cannot disturb them on appeal. CR 52.01.

Furthermore, under the circumstances, we cannot say that the trial court was in error in deciding that the one thousand ($1,000) dollars was the proper measure of damages in this case. The contract was ambiguous so that parol testimony was permitted and the trial court's interpretation of this evidence concerning damages is not clearly erroneous.

The plaintiff-appellant also contends that the $1,000.00 was a penalty, in contrast to a provision for liquidated damages, and that it therefore should have been allowed to prove its actual damages. We find the trial court was correct in holding that the $1,000 was liquidated damages and was not a penalty. The authorities indicate that the courts now favor arrangements between the parties to a contract that settle the matter of damages between themselves in case of a forfeiture or breach. *Maryland Casualty Co. v. Ballard County,* 217 Ky. 343, 289 S.W. 316 (1926): *Coca-Cola Bottling Works v. Hazard Coca-Cola Bottling Works,*

Ky., 450 S.W.2d 515. However, it is not the policy of the courts to enforce stipulated damage provisions that are far in excess of the actual damages that would naturally flow from a breach. 77 *Am.Jur.2d* Vendor and Purchaser § 532. The specific sum here does not, of course, fit the above situation and the trial court was correct in holding as a matter of law that the deposit was liquidated damages and not a penalty. Therefore, the deposit was the agreed measure of damage.

The judgment of the trial court is affirmed.

All concur.