**In re Marilyn ROBINSON dba Hunt's Restaurant, Debtor.**

**ESTATE OF Marilyn ROBINSON, In Bankruptcy, By and Through Charles R. Simpson III, Duly Acting and Qualified Trustee Thereof, Plaintiff,**

v.

**Vernal O. HUNT and Louise S. Hunt, Defendants.**

**Bankruptcy No. 38401311.**

**Adv. No. 3840078.**

United States Bankruptcy Court, W.D. Kentucky.

June 4, 1985.

Charles R. Simpson, III, Louisville, Ky., for trustee, plaintiff.

John Fowler III, Louisville, Ky., for defendants.

---

MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This case comes before the court on the trustee's complaint for the turnover of a

$25,000 security deposit held by the debtor's landlords. The sole issue in this proceeding is whether the landlords should be allowed to retain the security deposit under the provisions of the liquidated damage provision contained in their lease agreement with the debtor. We begin our consideration of this question with a brief review of the stipulated facts surrounding this controversy.

On or about April 28, 1981 Vernal and Louise Hunt leased property known as Hunt's Restaurant to Margie Moore. In September of 1983 the Hunts, Margie Moore and the debtor entered into a lease agreement under which the debtor assumed all rights and liabilities as lessee under the Hunt Restaurant lease. That lease provided that:

> If default be made in the payment of said rent or any part thereof, or in the observance or performance of any material terms of the lease, conditions or agreement herein contained, the Lessor shall have as liquidated damages the amount of Twenty-Five Thousand Dollars ($25,000) which previously has been forwarded to the Lessor by Lessee....

The parties agree that the amount of monthly rent called for under the lease agreement was $2,000.

On June 6, 1984 the debtor filed for relief under Chapter 7 of the United States Bankruptcy Code. At the time of her filing the debtor was in default on two months of the rent due under the lease agreement.

The controversy underlying this case is rather straightforward. The landlords claim the right to keep the $25,000 security deposit as liquidated damages which resulted from the debtor's breach of the Hunt Restaurant lease by failing to make the required monthly lease payments. The trustee on the other hand contends that the liquidated damage clause in the lease is actually a penalty provision which should not be enforced.

Under the law of Kentucky liquidated damage provisions are clearly allowed.[1] However, it is equally clear that Kentucky courts will not enforce liquidated damage provisions which constitute a penalty[2]. In order for a court to find that a liquidated damage provision is an unenforceable penalty the party arguing against the provision must clearly show that under the circumstances at the time of the execution of the agreement containing the provision in question the amount of stipulated or liquidated damages were far in excess of the actual damages that would actually flow from a breach.[3]

In the present action we find, as a matter of law, that the liquidated damages provision is unenforceable as a penalty under Kentucky law. A provision which provides for liquidated damages equaling 12 months' rent for the failure to meet one month's rent or the failure to comply with *any* material contract provision is on its face a penalty. The trustee in this case has met his burden of proof and has clearly shown the punitive nature of this clause. The landlords have not made any showing, other than their own assertions, that the economics of the restaurant business made this facially invalid penalty provision a rea-

---

1. Both the case law, *Woodbury v. Turner, et al.,* 96 Ky. 459, 29 S.W. 295 (1895); *Miles v. Proffitt,* 266 S.W.2d 333 (Ky.1954); *Coca-Cola Bottling Works v. Hazard Coca-Cola Bottling, et al.,* 450 S.W.2d 515 (Ky.1970) and Kentucky's version of the Uniform Commercial Code permit liquidated damage provisions in contracts. *See* Kentucky Revised Statutes § 355.2–718.

2. *Uncle George Orphans Home, Inc. v. Landrum,* 551 S.W.2d 582 (Ky.App.1977); *Coca-Cola Bottling Works v. Hazard Coca-Cola Bottling Works,* 450 S.W.2d at 518; *Real Estate & Mortgage Co. of Louisville v. Duke,* 251 Ky. 385, 65 S.W.2d 81 (1933).

3. Kentucky courts have at different times expressed this test in terms of the reasonableness of the liquidated damages (*Real Estate & Mortgage Co. of Louisville v. Duke,* 65 S.W.2d at 81), whether they were grossly disproportionate to the damage which might flow from a breach (*Coca-Cola Bottling Works v. Hazard Coca-Cola Bottling Works,* 450, S.W.2d at 518) as well as in terms of the excess of liquidated damages over actual damages. We believe these different "tests" to merely be different wordings of the same general standard *See Uncle George Orphans Home v. Landrum,* 551 S.W.2d at 584.

sonable liquidated damage clause which has some relation to the actual damages which would result from a breach of the lease agreement.

Our finding that the liquidated damage provision of the Hunt Restaurant lease agreement is an unenforceable penalty does not leave the landlords without recourse. They are entitled to claim all provable damages they may have against the debtor's bankruptcy estate. They also may be entitled to a setoff under 11 U.S.C. § 553 of their provable claim against the security deposit. We do not today rule on those matters and will leave them to a later, more appropriate, forum. A separate order will be entered today reflecting our findings and setting a pretrial conference for this matter.